# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:21-CV-00046-GCM

| | |
|---|---|
| JAMES GARRETT, | |
| Plaintiff, | |
| v. | **ORDER** |
| KILOLO KIJAKAZI, | |
| Defendant. | |

**THIS MATTER** comes before the Court on cross-motions for summary judgment by Plaintiff James Garrett (ECF No. 15) and the Acting Commissioner of the Social Security Administration, Kilolo Kijakazi (ECF No. 17). Plaintiff filed a response to the Acting Commissioner's motion. *See* ECF No. 19. The matter is now ripe for disposition. For reasons explained in more detail below, the Court will grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and reverse the decision of the Commissioner.

**I. BACKGROUND**

    **a. Factual Background**

James Garrett is a 50-year-old man. *See* A.R. 71.[1] Garrett applied for disability insurance benefits in November 2018 based principally on debilitating back and neck pain. His application was denied by the Social Security Administration initially, and upon reconsideration. A.R. 85, 102. Garrett then sought a hearing.

An administrative law judge (ALJ) convened a telephonic hearing on August 19, 2020. A.R. 17. The ALJ issued his decision on September 8, 2020, concluding that Garrett was not

---

[1] Citations to A.R.__ are to the Administrative Record, found at ECF No. 10.

disabled within the meaning of the Social Security Act. A.R. 25. The ALJ found that Garrett had severe impairments, including cervical and lumbar spine degenerative disc disease and osteoarthritis. A.R. 19. Nevertheless, the ALJ decided that Garrett's conditions did not limit him so severely as to preclude competitive work. *See* A.R. 20–24.

Garrett petitioned the Appeals Council for review. After the Appeals Council refused relief, Garrett sought judicial review in this Court, pursuant to 42 U.S.C. § 405(g). A.R. 1; ECF No. 1.

### b. The Five-Step Disability Process

The Social Security Administration utilizes a five-step process in determining whether a claimant is disabled within the meaning of the Social Security Act. First, the Commissioner determines whether the claimant is engaging in substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i) (2022). Next, the Commissioner determines whether the claimant has an impairment that is severe, either alone or in combination. *See id.* § 404.1520(a)(4)(ii). At Step Three, the Commissioner considers whether those impairments are sufficiently severe to qualify automatically for disability under the so-called "Listings." *See id.* § 404.1520(a)(4)(iii). If not, the Commissioner determines the claimant's "residual functional capacity" (RFC), which is defined as "the most [the claimant] can still do despite [his or her] limitations." *Id*. § 404.1545. Using this RFC at Step Four, the Commissioner determines whether the claimant can still perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If not, the Commissioner considers at Step Five whether the claimant can perform other work. *Id*. § 404.1520(a)(4)(v).

## II. STANDARD OF REVIEW

A District Court reviewing a final decision of the Commissioner of Social Security may consider only two things: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d

2

1453, 1456 (4th Cir. 1990). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Although this threshold is not high, it requires "more than a mere scintilla of evidence." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 383 (4th Cir. 2021). In reviewing for substantial evidence, a District Court may not "re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

### III. DISCUSSION

Garrett raises three arguments on appeal. First, he claims that the ALJ inadequately explained how he considered certain medical opinions. Next, he argues that the ALJ improperly assigned an RFC. Third and finally, Garrett claims that his hearing was defective because the Commissioner of Social Security enjoys unconstitutional tenure protections. Because the Court agrees with Garrett's first argument, the discussion will begin and end there.[2]

Until fairly recently, the Social Security Administration observed the "treating physician rule," which afforded evidentiary weight (and sometimes controlling weight) to the opinions of treating medical providers. *See Arakas v. Comm'r*, 983 F.3d 83, 106 (4th Cir. 2020). Under that "robust" standard, "the opinion of a treating physician must be given great weight and may be disregarded only if there is persuasive contradictory evidence." *Id*. at 107 (cleaned up).

The Social Security Administration scrapped the treating physician rule by promulgating a new regulation. For claims filed on or after March 27, 2017, the Administration does not "defer

---

[2] The lion's share of the parties' briefing relates to Garrett's constitutional argument. However, the constitutional avoidance doctrine instructs that federal courts should avoid rendering constitutional rulings unless absolutely necessary. *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 157 (4th Cir. 2010). Because remand is necessitated on other grounds, the Court needs not address the argument.

3

or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a) (2022). Instead, ALJs are required to consider medical opinions according to five factors: supportability, consistency, the relationship with the claimant, specialization, and "other factors." *Id*. § (a), (c).

Supportability and consistency are considered "the most important factors." *Id*. § (b)(2). Supportability refers to the persuasiveness of the opinion based on the objective medical evidence and the explanations of the medical provider. *See id.* § (c)(1). Consistency refers to the relationship between the opinion at issue and the rest of the evidence of record. *See id.* § (c)(2). Because of the primacy of these two factors, an ALJ must affirmatively "explain how [he or she] considered the supportability and consistency for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or decision." *Id*. § (b)(2). By contrast, the ALJ is ordinarily not required to explain how he or she considered the other three factors. *See id*. § (b)(2)–(b)(3).

Garrett says that the ALJ failed to explain how he considered the supportability and consistency of certain medical opinions. ECF No. 16 at 13–19. The Court agrees. Although it is true, as the Acting Commissioner argues, that the ALJ "specifically noted that he considered supportability and consistency," ECF No. 18 at 19, the regulations require more. Section 404.1520c plainly imposes an articulation requirement on ALJs reviewing medical opinions. Not only must an ALJ consider the five factors set forth in the regulation, the ALJ must—at a minimum—explain his or her consideration of the supportability and consistency factors. *See Dany Z. v. Saul*, 531 F. Supp. 3d 871, 883–84 (D. Vt. 2021) (explaining that failure to "explicitly discuss

4

Case 1:21-cv-00046-GCM    Document 20    Filed 05/24/22    Page 4 of 6

the supportability and consistency of medical opinions" can result in remand). This the ALJ did not do.

Consider the ALJ's analysis of an October 2017 short-term disability opinion.[3] The ALJ wrote that that the opinion was "not persuasive based upon subsequent evidence, for example the July 2018 cervical spine MRI, March 2018 right shoulder x-ray, physical exams, and the claimant's August 2020 hearing testimony, which gives us a more complete understanding of the longitudinal record." A.R. 22 (citations omitted). Quite clearly, the ALJ's analysis engages with the consistency factor, but nowhere does the ALJ discuss supportability. Because the ALJ was required to articulate how he considered the supportability factor, he did not apply the correct legal standard in resolving Garrett's claims. *See* 20 C.F.R. § 404.1520c(b)(2) (2022); *Cuevas v. Comm'r of Soc. Sec.*, 20-CV-0502, 2021 WL 363682, at *15 (S.D.N.Y. Jan. 29, 2021), *M&R adopted*, 2022 WL 717612 (S.D.N.Y. Mar. 10, 2022) (remanding because the failure to address the supportability factor was a failure to apply the correct legal standard). Remand is therefore necessary.[4]

**ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. Defendant's Motion for Summary Judgment (ECF No. 17) is **DENIED**. The decision of the Commissioner is **REVERSED**, and the matter is **REMANDED** for a new

---

[3] Garrett also points to other medical opinions that he claims were defectively analyzed. Because the Court concludes that remand is necessitated by the 2017 short-term disability opinion, the Court does not reach all of those arguments.

[4] Some courts have found harmless error in inadequate articulation of the supportability and consistency factors. *See Coleman v. Kijakazi*, No. 3:20-CV-01588 (VLB), 2022 U.S. Dist. LEXIS 44296, at *26 (D. Conn. Mar. 14, 2022); *Vince B. v. Kijakazi*, No. 4:20-cv-5168-EFS, 2022 U.S. Dist. LEXIS 53623, at *24–25 (E.D. Wa. Mar. 24, 2022). As the Commissioner does not argue the point, the Court will not consider whether the error in this case was harmless. *See Thomas v. Berryhill*, 916 F.3d 307, 314 n.7 (4th Cir. 2019).

hearing pursuant to Sentence Four of 42 U.S.C. § 405(g). The Clerk is respectfully directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED**.

Signed: May 23, 2022

Graham C. Mullen
United States District Judge